PARKER, APPELLANT, *v.* UNIGARD INSURANCE COMPANY, APPELLEE.

[Cite as Parker v. Unigard Ins. Co. (1975), 44 Ohio App. 2d 199.]

(No. C-74369—Decided May 12, 1975.)

*Messrs. Condit & Dressing* and *Mr. Timothy S. Hogan*, for appellant.

*Messrs. Brumleve, Decamp & Wood* and *Mr. Richard D. Lameier*, for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal, transcript of the docket and journal entries and original papers from the Hamilton County Municipal Court; the transcript of the proceedings; and the assignment of error, briefs and arguments of counsel.

On the afternoon of January 6, 1973, a one-car accident occurred near Bowling Green, Kentucky, involving Susan Parker, the plaintiff driver, who is the appellant herein. At the time of the accident, the plaintiff's vehicle was insured by the defendant Unigard Insurance Company, the appellee herein, under policy number AC71025.

Following the accident, an estimate of the cost of repairs, amounting to $1,043.83, was made by a body repair shop, whereupon the plaintiff filed a claim for that amount with the defendant. Upon receipt of the estimate, the defendant sent to the plaintiff a proof of loss form which

authorized a payment to the plaintiff in the amount claimed less $100, the amount deductible by a provision in the policy. This proof of loss form, *signed* by the plaintiff and returned to the defendant, contains the following language:

"Insured hereby authorizes payment of said amount as follows: Insured and Ted Lewis Body & Paint Shop; and in consideration of such payment this company is hereby discharged forever from all further claims by reason of said loss and damage."

In April of 1973, the plaintiff received a check in the amount of $943.83. The plaintiff contends, however, that after returning the signed proof of loss form to the defendant, but prior to receiving the aforementioned check, she discovered that the estimate given her and relayed to the defendant was incorrect and that, in fact, her vehicle was totally destroyed due to a twisted frame. She therefore did not endorse the check when it arrived, but, rather, returned it to the defendant in December 1973. Shortly thereafter, this litigation was begun.

Upon submission of the pleadings, the defendant moved for a summary judgment, maintaining that due to the signed release in the proof of loss form and the fact that it had tendered payment in full to the plaintiff it was no longer liable. The trial court, after considering memoranda on both sides of the issue, granted the defendant's motion for summary judgment, whereupon the plaintiff initiated this appeal.

Plaintiff assigns as error the granting of the motion for summary judgment, contending that such judgment is contrary to law. She argues that inasmuch as the check was never cashed but was eventually returned to the defendant unendorsed, no payment was actually made. However, the Court of Appeals for Erie County, in *Ulrich* v. *McDonough* (1950), 89 Ohio App. 178, at 182, stated:

"If otherwise valid, the release became effective as a legal document when it was signed by the plaintiff. The failure of the plaintiff to accept the checks for the amount of the consideration set forth in the release did not invalidate it."

In the instant case, the defendant upon receipt of the signed release tendered full payment to the plaintiff. We hold that where, as here, one party has tendered to the other party an amount reflecting the entirety of its legal obligation, that obligation is fulfilled, and the other party cannot, by refusing such tender, reinstate that obligation.

Since on the issues of law presented both at trial and upon this appeal reasonable minds could come to but one conclusion, and that conclusion is adverse to the plaintiff, it follows that the trial court did not err in granting the defendant's motion for summary judgment. The single assignment of error is without merit. The judgment of the Hamilton County Municipal Court is affirmed.

*Judgment affirmed.*

SHANNON, P. J., PALMER and KEEFE, JJ., concur.